IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, <br><br> FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND, <br><br> LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, <br><br>      Plaintiffs, <br><br> vs. <br><br> R & W CLARK CONSTRUCTION, INC., an Illinois corporation, <br><br>      Defendant. | CIVIL ACTION <br><br> NO. <br><br> JUDGE |

## **COMPLAINT**

The Plaintiffs, FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, by their attorneys, complaining of the Defendant, R & W CLARK CONSTRUCTION, INC., an Illinois corporation, allege as follows:

## **COUNT I**

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (herein-

after referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

  2. Plaintiffs, the FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA. Plaintiff Funds are administered within this District.

  3. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

  4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

    (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

    (b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

    (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

    (d)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

    (e)    To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

    (f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

    (g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5.    Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records in order to verify the accuracy of its past reports and to determine what additional contributions, if any, may be due the Plaintiffs.

6.    That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7.    Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

9. Plaintiffs hereby reallege and incorporate herein Paragraphs 1 through 8 of Count I as Paragraphs 1-9 of Count II.

10. As an employer obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust, upon the request of the Plaintiffs, Defendant is specifically required to furnish to the Plaintiffs a bond, with reputable surety thereon and the Plaintiffs named as obligees thereunder, in the amount of $25,000, which is consistent with the anticipated future obligations of Defendant.

11. Pursuant to the power and authority provided by the terms of the Agreements and Declarations of Trust, the Plaintiffs have requested that Defendant furnish to the Plaintiffs a bond, with reputable surety thereon and with the Plaintiffs named as obligees therein, in the amount of $25,000, but Defendant has failed to do so.

12. Plaintiffs are without an adequate remedy at law, have suffered and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations required by Defendant to be performed under the terms of the Agreements and Declarations of Trust and to obtain the required surety bond in the amount of $25,000 as requested by Plaintiffs.

WHEREFORE, Plaintiffs pray:

(A) That Defendant be permanently enjoined to perform its obligations to Plaintiffs under the terms of the Agreements and Declarations of Trust and to obtain and furnish to the Plaintiffs a bond in the amount of $25,000 for contributions, liquidated damages, interest and attorneys' fees and costs, with reputable surety thereon and the Plaintiffs named as obligees thereunder;

(B) That judgment be entered in favor of Plaintiffs and against Defendant for Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in this action as specified herein or subsequently determined all as provided in the Plans and in ERISA;

(C) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Cecilia M. Scanlon

Catherine M. Chapman
Cecilia M. Scanlon
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone:  (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com
I:\Fvcwj\R & W Clark\complaint.cms.df.wpd